IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREMIER TENTS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> AKSIMO DIST. INC., a Delaware Corporation, <br><br> *Defendant*. | No. 2:22-cv-541 <br><br> COMPLAINT WITH JURY DEMAND |

Plaintiff Premier Tents Inc. brings this action for patent infringement under 35 U.S.C. § 100 *et seq.* against Defendant Aksimo Distribution, Inc. and alleges as follows:

## I. Parties.

1. Plaintiff Premier Tents, Inc. ("Premier Tents") is a corporation organized under the laws of the State of Washington with a principal place of business in Bellingham, Whatcom County, Washington.

2. On information and belief, Defendant Aksimo Distribution, inc., ("Aksimo" or "Rhino") is a corporation organized under the laws of the State of Delaware with a principal place of business in Wilmington, Delaware.

3. On information and belief, Defendant Aksimo is a subsidiary or other related company to non-party Aksimo Distribution, Ltd., a corporation organized under the laws of the Nation of Israel with a principal place of business in Kokhav-Ya'ir, Tzur-Yigal, Israel.

## II. Jurisdiction and Venue.

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1338(a).

COMPLAINT WITH JURY DEMAND - 1

*PREMIER TENTS v. AKSIMO*, NO. 2:22-cv-541

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

5. This Court has specific and general personal jurisdiction over Defendant at least because Defendant has purposefully availed itself of the benefits of doing business in the Western District of Washington by contracting in this State and judicial district with Amazon.com, Inc. ("Amazon") for the purpose of distributing, promoting use of, marketing, selling, and/or offering for sale one or more of the infringing products identified below, and deriving substantial revenue from such infringing activities by placing those products into the stream of commerce with the expectation that they will be purchased by consumers within the Western District of Washington.

6. A substantial part of the events giving rise to the claims in this Complaint occurred in this District. Defendant contracts with Amazon, located in this district, in order to sell on that platform.

7. Defendant targets its infringing activities towards consumers in the State of Washington by offering shipping to the United States, including this District, accepting payment in U.S. dollars, and distributing, promoting use of, marketing, selling, and/or offering for sale the infringing products identified below to Washington residents.

8. Defendant commits tortious infringing acts in this District, engages in interstate commerce to transact business in Washington (including this District), and has caused Plaintiff substantial injury in the State of Washington (including this District).

9. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District.

### III. Facts.

10. Premier Tents is a family business in Bellingham, Washington. Its founders and owners, Rob and Paula North, developed the first-ever fillable weight bag for stabilizing large umbrellas, such as lawn, beach, or patio umbrellas.

11. Premier Tents has spent years improving its GRAVIPOD® weight bags, and has been issued many U.S. Patents protecting different embodiments and aspects of its inventions.

Complaint with Jury Demand - 2
Premier Tents v. Aksimo, No. 2:22-cv-541

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

12. Relevant to this lawsuit, Premier Tents is the sole owner of all right, title, and interest in and to U.S. Patent No. 10,087,647 C1 (the "'647 Patent"), including the right to sue for past, present, and future damages.

13. Relevant to this lawsuit, Premier Tents is the sole owner of all right, title, and interest in and to U.S. Patent No. 11,248,391 B2 (the "'391 Patent"), including the right to sue for past, present, and future damages.

**A.    The '647 Patent.**

14. On October 2, 2018, the U.S. Patent and Trademark Office issued the '647 Patent, titled "Weight Systems And Methods Stabilizing Objects."

15. On June 23, 2021, the U.S. Patent and Trademark Office issued a re-examination certificate for the '647 Patent, confirming claims as amended.

16. A true and correct copy of the '647 Patent is attached as Exhibit A. The claims of the '647 Patent are valid and enforceable.

17. The '647 Patent claims an innovative weight bag comprising multiple panels joined by seams. The panels and seams create a container with a closure system, such that the container can be placed over an object such as an umbrella base, then filled with sand or other weighted material, then closed.

18. The '647 Patent claims novel improvements over the prior art. Older systems typically required users to move heavy objects into place over the umbrella base, or simply use an extremely heavy base. The invention of the '647 Patent (and its related applications and their respective issued patents) claimed a novel device to weight down and restrain an object like an umbrella. Instead of moving single heavy weights over the umbrella or other object, the weight bag claimed in the '647 Patent can be placed over the umbrella while empty, then filled with easy-to-transfer sand, scoop by scoop, until full.

19. The invention claimed in the '647 Patent and related Premier Tents patents enables the user to weigh down an object such as an umbrella without ever having to move a heavy weight, but instead moving many small weights, such as the weight bag itself while empty followed by a

COMPLAINT WITH JURY DEMAND - 3

PREMIER TENTS V. AKSIMO, NO. 2:22-cv-541

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

few scoops of sand, each lightweight but together comprising enough weight and mass to hold the umbrella in place.

20. The embodiment of the invention claimed in the '647 Patent is directed more towards versions of the weight bag where the fill opening is on the top of the weight bag. Other Premier Tents patents claim different embodiments of the invention.

**B.   The '391 Patent.**

21. On February 15, 2022, the U.S. Patent and Trademark Office issued the '391 Patent, titled "Weight Systems And Methods Stabilizing Objects."

22. A true and correct copy of the '391 Patent is attached as Exhibit B. The claims of the '391 Patent are valid and enforceable.

23. The embodiment of the invention claimed in the '391 Patent is directed more towards versions of the weight bag where the fill opening is formed at the intersection of the top and the side of the weight bag.

24. Embodiments of the invention claimed in the '391 Patent include weight bags with a single top panel.

**C.   Premier Tents' Patent Enforcement.**

25. Like many U.S. small businesses, a large percentage of Premier Tents' sales are made through the Amazon sales platform.

26. Unscrupulous companies can readily purchase products sold on the Amazon sales platform, reverse-engineer them, and sell infringing knock-offs.

27. Premier Tents has always taken steps to enforce its patents, beginning with cautionary letters sent to infringers notifying them of the pendency of applications.

28. Beginning in 2018, Premier Tents began working through Amazon's Neutral Patent Examination ("NPE") program to enforce its patents against infringing sellers on Amazon's platform.

Complaint with Jury Demand - 4

Premier Tents v. Aksimo, No. 2:22-cv-541

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

29. Through this innovative program, Amazon enables patent holders to enlist the services of a neutral lawyer with relevant patent litigation expertise to evaluate a claim of infringement of a U.S. Patent.

30. Sellers who refuse to participate, or whose products are found by the neutral evaluator to infringe, have those products removed from the Amazon platform.

31. Through Amazon's NPE program, Premier Tents has been able to enforce its patents against over 400 infringing knock-offs, successfully protecting its market share on the platform that accounts for the great majority of its sales.

32. After Supplemental Examination and subsequent Ex Parte Reexamination, Premier Tents has continued to enforce its '647 Patent against infringers using the Amazon NPE program.

33. Aksimo has continued to infringe the '647 Patent, including by selling the weight bags detailed below and in the appended claim charts.

34. Premier Tents' innovations and patent prosecution have continued, resulting in the recent issuance of the '391 Patent.

35. Premier Tents enforces its '391 Patent against infringers using the Amazon NPE program.

36. The '391 Patent claims protect innovative aspects of Premier Tents' GRAVIPOD® weight bag.

37. As detailed below and in the appended claim charts, Aksimo infringes claims of the '391 Patent by selling unauthorized knock-offs of the GRAVIPOD® weight bag.

D.  **Aksimo Distribution, Inc. And Related Predecessor Companies Of Roy Chen.**

38. Premier Tents first became aware of companies run by Roy Chen, who is, on information and belief, the principal of Aksimo, in 2016.

39. Roy Chen is identified as one of two inventors of three U.S. Design Patents purportedly covering superficial decorative features of knock-offs of Premier Tents' weight bags.

40. Those U.S. Design Patents (D919,282, D919955, and D934554) are all assigned to Aksimo Distribution, Ltd. in Kokhav-Ya'ir, Tzur-Yigal, Israel.

COMPLAINT WITH JURY DEMAND - 5

PREMIER TENTS V. AKSIMO, NO. 2:22-cv-541

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

41. Aksimo is also identified as the company currently responsible for sales of Rhino branded infringing weight bags on the Amazon sales platform, listing a correspondence address at a building in Delaware that appears to offer U.S. correspondence addresses to hundreds if not thousands of businesses.

42. Years ago, while Premier Tents' patents were still pending—and its Gravipod® weight bag was marked on Amazon listings as "patent pending"—Mr. Chen contacted Premier Tents to ask for the pending patent application number.

43. His message to Premier Tents, sent through the Amazon platform, is attached as Exhibit C.

44. Premier Tents referred Mr. Chen to their legal counsel for confirmation of the patent pending status.

45. Despite learning of the patent pending protection of the weight bags, Mr. Chen began selling a knock-off Gravipod® weight bag under the Rhino brand, on the Amazon sales platform.

46. Premier Tents promptly sent a letter from counsel to Chen's then-current business as identified from the company information listed on Amazon (at that time, "Goodies2Enjoy," purportedly based in Colorado), warning him that his knock-off product infringed claims of the pending application that would issue in due course. A copy of that letter is attached as Exhibit D.

47. Although the information Mr. Chen had provided to Amazon stated that his business was based out of a residential address in Englewood, CO, subsequent correspondence with Mr. Chen's counsel revealed that he was based in Israel.

48. After some exchanges between counsel, communication ceased.

49. Mr. Chen continued to sell knock-offs of the then patent-pending Gravipod® weight bag on the Amazon platform.

50. When the '647 Patent issued in early October 2018, Premier Tents promptly alerted Mr. Chen's counsel that, as previously warned, Rhino's products did, in fact, infringe valid claims of a now-issued U.S. Patent.

Complaint with Jury Demand - 6

Premier Tents v. Aksimo, No. 2:22-cv-541

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

51. Mr. Chen initially indicated an interest in discussing a license to the '647 Patent, but communications ceased again.

52. On November 13, 2018, seven weeks after the '647 Patent issued, Premier Tents initiated the Amazon NPE against twelve infringing products, including five infringing Rhino products.

53. Mr. Chen's counsel immediately expressed renewed interest in conversations between Mr. Chen and Premier Tents, but conditioned those discussions on Premier Tents terminating the Amazon NPE program.

54. Rhino and Mr. Chen elected not to take part in the Amazon NPE program, and, according to the terms of the Amazon sales platform, Amazon removed the five infringing Rhino listings in December 2018.

55. In February 2019, Rhino began selling a weight bag with modified features, specifically, a single top panel.

56. In April 2020, the USPTO issued U.S. Patent No. 10,633,882 (the "'882 Patent") to Premier Tents.

57. As issued, the '882 Patent claims protect alternative embodiments of Premier Tents' weight bags, specifically including embodiments with single upper panels.

58. Within weeks of the '882 Patent issuing, Premier Tents asked for Amazon to appoint a neutral evaluator to identify whether the latest Rhino products infringed the '882 Patent.

59. Mr. Chen hired new, U.S. based counsel, who alerted Premier Tents to a potential oversight during prosecution of the '882 Patent and the '647 Patent.

60. Premier Tents promptly sought Supplemental Examination of the '647 Patent and the '882 Patent, and rescinded its request under the Amazon NPE program.

61. After Supplemental Examination and Ex Parte Reexamination, the USPTO confirmed the validity of the '647 Patent's claims as amended.

62. After Supplemental Examination and Ex Parte Reexamination, the USPTO confirmed the validity of the '882 Patent's claims as amended.

Complaint with Jury Demand - 7

Premier Tents v. Aksimo, No. 2:22-cv-541

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

63. The amended claims of the '882 Patent protect embodiments of Premier Tents' invention with two panel upper walls.

64. Mr. Chen, and through him, Aksimo, knows that Premier Tents '647 Patent is valid and enforceable.

65. Mr. Chen, through a prior entity, declined to present any defense of non-infringement of the '647 Patent to a neutral evaluator appointed by Amazon when Premier Tents challenged his knock-off weight bags as infringing the '647 Patent.

66. Mr. Chen, through a prior entity, declined to present any defense of non-infringement of the '882 Patent to a neutral evaluator appointed by Amazon when Premier Tents challenged his knock-off weight bags as infringing the '882 Patent.

67. In response to two separate invocations of the Amazon NPE program, Mr. Chen and his entities, through counsel, have never contended that Rhino's accused products ***do not*** infringe Premier Tents' patents.

68. Aksimo's infringement, detailed below, is knowing, deliberate, and intentional.

69. Since 2016, Mr. Chen, through various entities, has made and sold knock-offs of Premier Tents' patented GRAVIPOD® weight bag.

70. He began with full knowledge that the GRAVIPOD® weight bag was patent-pending.

71. He continued when the '647 Patent issued, only ceasing to sell on the Amazon sales platform when Premier Tents successfully invoked Amazon's NPE program.

72. Instead of selling his own non-infringing weight bag designs, or sticking to his unrelated and non-infringing product lines, Mr. Chen doubled down, making minor modifications to the removed weight bag products and continuing to sell them on the Amazon sales platform under new ASINs.

73. Those products embodied the claims of a then-pending application when introduced, and infringe the claims of the '882 Patent which issued from that application.

COMPLAINT WITH JURY DEMAND - 8

PREMIER TENTS V. AKSIMO, NO. 2:22-cv-541

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

74. Aksimo currently sells four weight bag products on Amazon, all of which infringe claims of Premier Tents' patents.

75. Aksimo sells the "Rhino Square Umbrella Base Weight 18″" (ASIN[1] B08D3Y7KYR) and available at https://www.amazon.com/Rhino-Detachable-Umbrella-Cantilever-Outdoor/dp/B08D3Y7KYR.

76. Aksimo sells the "Rhino Round Umbrella Base Weight with Side Slot Opening, 18″" (ASIN B07N2YZXTZ) and available at https://www.amazon.com/Rhino-Umbrella-Opening-Cantilever-Outdoor/dp/B07N2YZXTZ.

77. Aksimo sells the "Rhino Slot Opening Umbrella Base Weight, 18″" (ASIN B07N2ZFWJD) and available at https://www.amazon.com/Rhino-Umbrella-Weights-Opening-Cantilever/dp/B07N2ZFWJD.

78. Aksimo sells the "Rhino Square Umbrella Base Weight, 18″" (ASIN B08P21CW7Y) and available at https://www.amazon.com/Rhino-Umbrella-Weights-Opening-Cantilever/dp/B08P21CW7Y.

79. As detailed in the appended claim charts, each of the foregoing products infringes at least one claim of the '391 Patent.

80. Aksimo also sells its original infringing design on other e-commerce platforms, including Home Deport and Wayfair.

81. Aksimo sells the "Square Umbrella Base Weight" on Home Depot, available at https://www.homedepot.com/p/Square-Umbrella-Base-Weight-and-Side-Slot-Opening-Velcro-Enclosure-18-in-fits-Any-Outdoor-Umbrella-Stand-in-Black-SBWVL-BLK-005/317059342.

82. Aksimo sells the "Detachable Base with Hook and Loop Fastener Enclosure Umbrella Weight" on Wayfair, available at https://www.wayfair.com/outdoor/pdp/rhino-basemate-detachable-base-with-hook-and-loop-fastener-enclosure-umbrella-weight-rino1007.html.

---

[1] Amazon assigns every product on its sales platform a unique identifier, the Amazon Standard Identification Number or ASIN.

COMPLAINT WITH JURY DEMAND - 9

PREMIER TENTS V. AKSIMO, NO. 2:22-cv-541

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

83. As detailed in the appended claim charts, each of the foregoing products infringes at least one claim of the '647 Patent.

84. Aksimo's infringement is willful.

## IV. Claims For Relief.

**A.     Count One: Infringement of the '647 Patent.**

85. Aksimo sells, offers for sale, and imports into the United States, weight bag products that practice at least one claim of the '647 Patent, including at least claim 1.

86. Exhibit E is a claim chart that compares Claim 1 of the '647 Patent to the "Square Umbrella Base Weight" that Aksimo sells on Home Depot.

87. In violation of 35 U.S.C. § 271(a), Defendant has infringed and will continue to infringe one or more claims of the '647 Patent, including at least claim 1, by selling, offering for sale, and/or importing into the United States the foregoing product.

88. Exhibit F is a claim chart that compares Claim 1 of the '647 Patent to the "Detachable Base with Hook and Loop Fastener Enclosure Umbrella Weight" that Aksimo sells on Wayfair.

89. In violation of 35 U.S.C. § 271(a), Defendant has infringed and will continue to infringe one or more claims of the '647 Patent, including at least claim 1, by selling, offering for sale, and/or importing into the United States the foregoing product.

90. Premier Tents has been injured by Aksimo's infringement of the '647 Patent and will suffer irreparable harm unless Aksimo is enjoined from infringing the '647 Patent.

**B.     Count Two: Infringement of the '391 Patent.**

91. Aksimo sells, offers for sale, and imports into the United States, weight bag products that practice at least one claim of the '391 Patent, including at least claim 1.

92. Exhibit G is a claim chart that compares Claim 1 of the '391 Patent to the "Rhino Square Umbrella Base Weight 18″", ASIN B08D3Y7KYR, that Aksimo sells on Amazon.

Complaint with Jury Demand - 10
Premier Tents v. Aksimo, No. 2:22-cv-541

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

93. In violation of 35 U.S.C. § 271(a), Defendant has infringed and will continue to infringe one or more claims of the '391 Patent, including at least claim 1, by selling, offering for sale, and/or importing into the United States the foregoing product.

94. Exhibit H is a claim chart that compares Claim 1 of the '391 Patent to the "Rhino Round Umbrella Base Weight with Side Slot Opening, 18″" (ASIN B07N2YZXTZ), that Aksimo sells on Amazon.

95. In violation of 35 U.S.C. § 271(a), Defendant has infringed and will continue to infringe one or more claims of the '391 Patent, including at least claim 1, by selling, offering for sale, and/or importing into the United States the foregoing product.

96. Exhibit I is a claim chart that compares Claim 1 of the '391 Patent to the "Rhino Slot Opening Umbrella Base Weight, 18″" (ASIN B07N2ZFWJD), that Aksimo sells on Amazon.

97. In violation of 35 U.S.C. § 271(a), Defendant has infringed and will continue to infringe one or more claims of the '391 Patent, including at least claim 1, by selling, offering for sale, and/or importing into the United States the foregoing product.

98. Exhibit J is a claim chart that compares Claim 1 of the '391 Patent to the "Rhino Square Umbrella Base Weight, 18″" (ASIN B08P21CW7Y), that Aksimo sells on Amazon.

99. In violation of 35 U.S.C. § 271(a), Defendant has infringed and will continue to infringe one or more claims of the '391 Patent, including at least claim 1, by selling, offering for sale, and/or importing into the United States the foregoing product.

100. Premier Tents has been injured by Aksimo's infringement of the '391 Patent and will suffer irreparable harm unless Aksimo is enjoined from infringing the '391 Patent.

## V. Jury Demand

101. Premier Tents demands a trial by jury on all issues so triable.

## VI. Prayer For Relief

WHEREFORE, Premier Tents respectfully requests that the Court enter judgment in its favor on the claim set forth above and respectfully request the following relief:

Complaint with Jury Demand - 11
Premier Tents v. Aksimo, No. 2:22-cv-541

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

a. Entry of judgment that Aksimo has infringed at least one claim of the '647 Patent, and continues to do so;

b. Entry of judgment that Aksimo has infringed at least one claim of the '391 Patent, and continues to do so;

c. Entry of an Order against Aksimo and its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with it in the form of a temporary, preliminary, and permanent injunction restraining it from the following: (i) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any of the products identified in this Complaint and its Exhibits, or mere colorable variations thereof, not authorized by Plaintiff; (ii) aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon any claim of the '647 Patent or the '391 Patent; and (iii) effecting assignments or transfers, forming new entities or associations, or utilizing any other device with the effect of circumventing or otherwise avoiding the prohibitions set forth in items (i) and (ii) of this paragraph;

d. Entry of an Order that, upon Premier Tents' request, third-party online service providers with notice of the injunction, including without limitation Amazon.com, shall disable and cease displaying any advertisements used by or associated with Aksimo in connection with the sale of goods that infringe either the '647 Patent or the '391 Patent;

e. An award of damages to Premier Tents adequate to compensate it for Aksimo's infringement of the '647 Patent and the '391 Patent, and for any continuing or future infringement through the date such judgment is entered, including pre-judgment interest and post-judgment interest, costs, and expenses, as well as an accounting and award of damages against Aksimo for all future infringing acts occurring after the date such judgment is entered;

Complaint with Jury Demand - 12  
Premier Tents v. Aksimo, No. 2:22-cv-541

Ard Law Group PLLC  
P.O. Box 11633  
Bainbridge Island, WA 98110  
Phone: (206) 701-9243

    f.  Entry of judgment that Aksimo's infringement of the '647 Patent and the '391 Patent has been willful and an award as provided by 35 U.S.C. § 284 for treble damages against Aksimo for its willful infringement of the '647 Patent and the '391 Patent;

    g.  Entry of judgment as provided by 35 U.S.C. § 285 that this case is exceptional and an award granting Premier Tents its reasonable attorneys' fees, expenses, and costs; and

    h.  Entry of judgment in favor of Premier Tents granting any further or additional relief the Court deems just and proper.

///

April 22, 2022.

By: *[signature]*

ARD LAW GROUP PLLC

Joel B. Ard, WSBA # 40104
ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law
ATTORNEYS FOR PREMIER TENTS

COMPLAINT WITH JURY DEMAND - 13
PREMIER TENTS V. AKSIMO, NO. 2:22-cv-541

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243