# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

PREMIER TENTS INC,

    Plaintiff(s),

v.

AKSIMO DISTRIBUTION INC,

    Defendant(s).

CASE NO. 2:22−cv−00541−RSM

ORDER REGARDING FRCP 26(f) CONFERENCE, INITIAL DISCLOSURES, AND JOINT STATUS REPORT

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 5/20/2022 |
| Deadline to Exchange Initial Disclosures Pursuant to FRCP 26(a)(1): | 5/27/2022 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 6/3/2022 |

The deadlines above may be extended only by the Court. Any request for an extension of these deadlines should be made by email to Laurie Cuaresma, Courtroom Deputy, at laurie_cuaresma@wawd.uscourts.gov. The parties who have already appeared in this matter are required to meet and confer before contacting the court to request an extension.

## II. PROCEDURAL INFORMATION

**Counsel are expected to abide by the requirements set forth in the local rules. Failure to do so may result in the imposition of sanctions.** Links to Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, can be found on the Court's website at www.wawd.uscourts.gov.

## III. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by June 3, 2022. This conference shall be by direct and personal communication, whether that be a face−to−face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A proposed deadline for joining additional parties.

2. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13, to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. The parties should indicate whether they agree that the Honorable Michelle L. Peterson may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

3. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

    (A)   the exchange of initial disclosures;

    (B)   subjects, timing, and potential phasing of discovery;

    (C)   electronically stored information;

    (D)   privilege issues;

    (E)   proposed limitations on discovery;

    (F)   the need for any discovery related orders;

    (G)   the need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses; and

    (H)   whether discovery should be allowed before the disclosures required by Patent Rule 120.

4. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.) on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

    (A)   prompt case resolution;

    (B)   alternative dispute resolution;

    (C)   related cases;

    (D)   discovery management;

    (E)   anticipated discovery sought;

    (F)   phasing motions;

    (G)   preservation of discoverable information;

    (H)   privilege issues;

    (I)   Model Protocol for Discovery of ESI; and

    (J)   alternatives to Model Protocol.

5. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

6. Any proposed modifications of the deadlines provided for in the Local Patent Rules, and the effect of any such modification on the proposed date and time of the claim construction hearing, if any.

7. Whether confidentiality concerns affect the disclosures contemplated in these rules and, if so, the parties' positions on how they should be addressed.

8. Whether and/or when a tutorial might be scheduled to assist the Court to understand the underlying technology.

9. Whether the Court should appoint an expert to hear and make recommendations on claim construction issues.

10. Whether any party plans to bring a motion for preliminary injunction or a dispositive motion before the claim construction hearing and, if so, the nature of such motion. (PLEASE NOTE: The Court will <u>not</u> rule on dispositive motions that raise issues of claim construction prior to the claim construction hearing unless special circumstances warrant and the party obtains leave of court in advance of filing.)

11. The nature of the claim construction hearing (*e.g.*, an evidentiary hearing with testimony, oral argument only).

12. Any other suggestions for shortening or simplifying the case.

13. Whether the trial will be jury or non−jury.

14. The number of trial days required.

15. The names, addresses, and telephone numbers of all trial counsel.

16. If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

17. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

18. The date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.

19. A proposed case schedule in the same or similar format as follows:

| EVENT | DEADLINE |
| --- | --- |
| Deadline to Join Additional Parties | 30 days after entry of Scheduling Order |
| Plaintiff to serve Preliminary Infringement Contentions and Disclosure of Asserted Claims (LPR 120) | 15 days after entry of Scheduling Order |
| Defendant to serve Preliminary Non–Infringement and Invalidity Contentions (LPR 121) and accompanying Document Production (LPR 122) | 45 days after entry of Scheduling Order |
| Parties to exchange Proposed Terms and Claim Elements for Construction (LPR 130) | 65 days after entry of Scheduling Order |
| Parties to exchange Preliminary Claim Constructions and Extrinsic Evidence (LPR 131) | 95 days after entry of Scheduling Order |
| Parties to file Joint Claim Chart and Prehearing Statement | 140 days after entry of Scheduling Order |
| Completion of Claim Construction Discovery | 190 days after entry of Scheduling Order |
| Parties to file Opening Claim Construction Briefs | 195 days after entry of Scheduling Order |
| Parties to file Responsive Claim Construction Briefs | 210 days after entry of Scheduling Order |
| Tutorial (if necessary) | To be set by the Court |
| Claim Construction Hearing | To be set by the Court |
| Close of Fact Discovery | 60 Days After Claim Construction Order |
| Parties to Exchange Initial Expert Reports | 90 Days After Claim Construction Order |

ORDER REGARDING FRCP 26(f) CONFERENCE,
INITIAL DISCLOSURES, AND JOINT STATUS REPORT – 5

| EVENT | DEADLINE |
|---|---|
| Parties to Exchange Supplemental Expert Reports | 120 Days After Claim Construction Order |
| Close of Expert Discovery | 150 Days After Claim Construction Order |
| Parties to file case dispositive and/or *Daubert* motions | 180 Days After Claim Construction Order |
| Trial | To be set by the Court |

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Laurie Cuaresma, Courtroom Deputy, at laurie_cuaresma@wawd.uscourts.gov.

## IV. PLAINTIFF'S RESPONSIBILITY

Plaintiff's counsel will be responsible for starting the communications needed to comply with this Order.

## V. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Laurie Cuaresma, Courtroom Deputy, at laurie_cuaresma@wawd.uscourts.gov.

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

DATED: the 6th of May 2022

Honorable Ricardo S. Martinez
United States District Judge